Harry C. Lucas et al., Plffs. in Err., *v.* R. B. Brockway.

Findings of fact made by a referee and concurred in by the court below stand in lieu of a verdict and will not be disturbed except for manifest error.

After a plea of payment to a scire facias sur mechanics' lien, the defendant cannot be heard to object to the sufficiency of the description of the building.

(Argued February 21, 1888. Decided March 19, 1888.)

January Term, 1888, No. 4, E. D., before GORDON, Ch. J.,

NOTE.—When the issue in a scire facias on a mechanics' lien is under the plea of payment, questions as to the sufficiency of the lien are waived. Lewis v. Morgan, 11 Serg. & R. 234; St. Clair Coal Co. v. Martz, 75 Pa. 384; Klinefelter v. Baum, 172 Pa. 652, 33 Atl. 582. So it is too late after submission to a referee under the act of May 14, 1874; Scott v. Scott, 196 Pa. 132, 46 Atl. 379.

Paxson, Sterrett, Green, and Williams, JJ.   Error to the Common Pleas of Lackawanna County to review a judgment in favor of the plaintiff on a scire facias sur mechanics' lien, April term, 883, No. 336.   Affirmed.

This was a scire facias on a mechanics' lien, by Richard B. Brockway, against Harry C. Lucas, executor of Thomas Lucas, deceased, Silas Lucas, C. W. McKinney, and Robert Reaves, trading as the Lucas Coal Company, owners or reputed owners and contractors.

R. B. Brockway filed a mechanics' lien for $4,365.25 February 19, 1883, against the plaintiffs in error as the owners of a coal breaker.   A scire facias was issued and after a trial before arbitrators and an appeal by the defendants, the case was referred to E. Merrifield as referee.   He heard the parties and made a report in favor of the plaintiff which the court, after exceptions and argument, approved.

Subsequently the case was reopened by the court and the referee again heard the parties and reported upon the questions of fact and law as follows:

1. On September 12, 1881, Thomas Lucas became the owner of a leasehold interest in the lands described in the mechanics' lien referred to, which are the same as are described and re-referred to in the scire facias issued in this case.

2. Sometime during the month of October, 1881, Thomas Lucas, Silas Lucas, C. W. McKinney, and Robert Reaves, the defendants, made a contract with R. B. Brockway, the plaintiff, to build the coal breaker in question as described in the mechanics' lien and upon the lands therein referred to.

3. The making of the contract was completed, the work entered upon and proceeded with, with the said defendants acting as owners or reputed owners of the premises.

4. No notice was brought to the attention of Brockway that the leasehold interest stood solely in the name of Thos. Lucas.

5. The said R. B. Brockway made a written agreement with the defendants to build the breaker in question, and all the appurtenances necessary to run coal; find all the lumber, spikes, and nails and set all the machinery, except the engines and boilers, for the sum of $27 per thousand feet of lumber used, to be counted board measure feet.

6. The amount of lumber used was 700,970 feet, amounting, at $27 per thousand, to $18,926.19.

7. Plaintiff did extra work amounting to $322.38, which is chargeable in the contract for building the breaker.

8. The breaker was completed on the 24th of January, 1883, with the exception of putting on some irons connected with the shutes and telegraphs. That these were left unfinished because of the failure of the defendants to furnish them as agreed.

9. The whole amount of money to be paid under the contract is $19,248.57.

10. The amount of money paid by the defendants to the plaintiff on the contract is $16,804.16.

11. The balance due from the defendants to the plaintiff was $2,444.41 on the 10th of February, 1883.

12. After the contract was made between the parties, plaintiff and defendants, the work commenced, and a portion of the payments made, the defendants organized as the Lucas Coal Company, Limited, and thus went on and completed the work which they had undertaken as individuals.

13. On the first of October, 1884, the Lucas Coal Company, Limited, leased the colliery in question to the Union Coal Company, Limited, in which the latter company assumed to pay the indebtedness of the Lucas Coal Company, Limited, among which was included the claim of the plaintiff in this case.

14. Subsequently R. B. Brockway, the plaintiff, signed a paper agreeing with the said Union Coal Company to accept payment of his claim, that is, to take a *pro rata* share with the other creditors of the Lucas company of the amount of rental at the rate of ten cents per ton for all coal mined, payable in quarterly payments. No money was paid Brockway in pursuance of this arrangement.

15. The present action was at the same time pending; and Brockway, at the time he signed the paper referred to in the preceding paragraph, made a verbal reservation that he did not mean thereby to impair his lien.

Under the facts as aforesaid stated and found the plaintiff is entitled to a judgment for the sum of $2,444.41 with interest from February 10, 1883.

The statement of claim was as follows:

Richard B. Brockway, above named, hereby files his claim or

statement of demand against the right, title, and interest of the above-named Thomas Lucas, Silas Lucas, C. W. McKinney, and Robert Reaves, of, in, and to, all that certain improvements, machinery, and fixtures which are parts of, and together make and constitute the erection known as a coal breaker, as also the machinery, fixtures, and appurtenances thereunto, and necessary for the enjoyment thereof, and curtilage appurtenant thereto.

The following exceptions, *inter alia,* were filed to the second report of the referee:

1. The mechanics' lien is void because filed against the entire plant, which consists of several separate and distinct buildings, in this language: All that certain improvements, machinery, and fixtures, which are part of, and together make and constitute, the erection known as a coal breaker, as also the machinery, fixtures, and appurtenances thereunto, and necessary for the enjoyment thereof. A boiler house and other buildings included in the wood work, erected by the plaintiff and for which he claims a lien, are distinct and separate buildings.

3. The lien is not filed against the specific improvement for which Brockway furnished materials and work and labor, under the contract recited in said lien, and is therefore void.

4. The lien is void because, purporting to be against leasehold by virtue of the act of 1858, it claims a hold on the breaker, machinery, fixtures, and curtilage appurtenant thereto.

The court, HAND, P. J., after a rehearing, dismissed the exceptions, filing the following opinion:

"It was not intended in granting a rehearing to reopen the case upon any other basis than that on which the case came up before the referee. We stated in our opinion that no exception had been filed to the validity of the lien. On the ground that in the mass of papers we had overlooked such an exception, and that it was general, we allowed counsel to specify any valid exception permissible under the rules of pleading. Having filed his plea he had waived technical objections to the lien, except such matters as are stated in St. Clair Coal Co. v. Martz, 75 Pa. 388, which makes the lien void above all pleadings. In view of this decision we have again carefully reviewed this case. We cannot discover the likeness asserted between this case and that. The mere mention of curtilage and appurtenances, without fur-

ther designation, amounts to surplusage and would carry nothing by a sale. The designation of the land in this lien is only for the purpose of location, not description. The lien is only against interest in improvements, as briefly stated in our former opinion. On reflection we see no reason to change our opinion expressed in the first disposition of this case, and we leave the case on that decision and direct judgment as there ordered. We deem it the best disposition to simply dismiss the exceptions filed June 9, 1887."

The assignments of error specified, *inter alia,* the above action of the court.

*S. B. Price,* for plaintiffs in error.—A lien filed against a leasehold interest, if extended by its terms to anything more than the specific improvement, is void. St. Clair Coal Co. v. Martz, 75 Pa. 384; Ely v. Wren, 90 Pa. 148; Johnson, Mechanics' Liens, 64.

This case is clearly distinguished from Thomas v. Smith, 42 Pa. 68, and Mountain City Market House & Hall Asso. v. Kearns, 103 Pa. 404, because the liens in those cases were filed against specific buildings, which were clearly described, not against extensive works. One was against an ice house and one was against a market house. In this case lien was claimed against all that certain improvements, machinery, and fixtures which are parts of and together make and constitute the erection known as a coal breaker, as also the machinery, fixtures, and appurtenances thereunto and necessary for the enjoyment thereof and curtilage appurtenant thereto.

*C. Smith,* for defendant in error.—The wide and important distinction between this case and St. Clair Coal Co. v. Martz, 75 Pa. 388, is this: The only thing the claimant in the latter case did was to superintend the putting in the breaker a patent hoisting and dumping machine; and for doing this he filed a lien against the whole breaker. Common sense as well as law would forbid this. The defendant in error files his lien against the breaker, because he built and furnished the material for the entire breaker. A single, specific, and entire coal breaker is all that is there, and I challenge the learned counsel to name a single improvement that was not erected by the defendant in

error and erected as a part of a complete coal breaker. And this brings the case within Thomas v. Smith, 42 Pa. 68; Mountain City Market House & Hall Asso. v. Kearns, 103 Pa. 404, McClintock v. Rush, 63 Pa. 203; and Wharton v. Douglas, 92 Pa. 66.

OPINION BY MR. JUSTICE WILLIAMS:

Brockway, the plaintiff below, built a coal breaker for the lessees of a coal mining property; and this lien was filed for an unpaid balance which he claims to be due him. A scire facias was issued; and the defendants against whom the claim had been filed made an affidavit denying the partnership alleged, but so far as we are able to ascertain from the paper books and the abstract of the record, no affidavit of defense was made.

After a trial before arbitrators, and an appeal by Lucas *et al.* from the award, the case was referred to E. Merrifield, Esq., for trial. He heard the parties at length and made a report in favor of the plaintiff, which the court after exceptions and argument approved. Subsequently the case was reopened by the court and the referee again heard the parties and again reported in favor of the plaintiff upon the questions of fact and of law which were raised. After another set of exceptions and another argument, the court again approved the findings of the referee and directed judgment to be entered in accordance with his findings. These findings twice made and twice concurred in by the court below stand in lieu of a verdict, and will not be disturbed unless manifest error is pointed out. We have carefully examined the evidence and are satisfied that there was testimony before the referee from which the facts reported by him could fairly be found. The bills of lumber were supported by the testimony of Brockway and Cooper, his foreman, and as to a large part of them by the testimony of a party from whom it was purchased.

The sufficiency of the description was evidently not brought to the attention of the referee, and seems not to have been raised in the common pleas until the final argument upon the exceptions to the second report, for the learned judge of that court says, in his "opinion after the rehearing:" "It was not intended in granting a rehearing to reopen the case upon any other basis than that on which the case came up before the referee. We stated in our opinion that no exception had been filed to the validity of the lien."

He, however, proceeds to dispose of the question by holding that having pleaded payment the defendants had waived technical objections and could not now be heard to object to the sufficiency of the description of the building. In this he is fully sustained by St. Clair Coal Co. v. Martz, 75 Pa. 388.

But the objection has very little in the testimony on which to stand. Lucas, one of the defendants, testified: "It strikes me that we built the office;" and also, that the boiler house contains the boilers where the steam is generated which supplies the engines that move the machinery of the breaker. Under the testimony, therefore, it does not appear that the lumber and labor of the plaintiff in the court below went into any structure not connected with and really forming part of the breaker.

Judgment affirmed.